## Michael Reilly and John Reilly, by Kate Hoy, Guardian, Appellees, v. Catholic Order of Foresters, Appellant.

### Gen. No. 23,596.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. BENJAMIN BELL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed January 28, 1918.

### Statement of the Case.

Action by Michael Reilly and John Reilly, by Kate Hoy, their guardian and next friend, plaintiffs, against Catholic Order of Foresters, defendant, to recover on a benefit certificate for $1,000. From a judgment for plaintiffs, defendant appeals.

EDMUND S. CUMMINGS, for appellant.

ARCHIBALD CATTELL and CARL A. WALDRON, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 208*—*when answers of applicant do not constitute warranties*. Replies by an insurance applicant to questions in the medical examiner's blank concerning his treatment from a physician within 3 years and whether he had been in any institution for treatment for certain diseases, *held* to be representations and not warranties, notwithstanding contrary statements in the application, where the applicant was uneducated and unable to read or write the English language and signed only by mark, and many of the questions were very complicated and technical.

2. INSURANCE, § 205*—*when false answers in replies to questions in examiner's blank constitute defense*. The untruth of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

statements made by an applicant for insurance in replies to questions in the medical examiner's blank constitutes no defense to an action on the insurance policy unless the answers concern matters material to the risk and are made with the intent to defraud the insurer.

3. INSURANCE, § 897*—*what are questions for jury.* In an action on a death benefit certificate, *held* that whether misstatements made by an insurance applicant to the medical examiner were material to the risk or made with intent to defraud the insurer were questions for the jury.

4. INSURANCE, § 904*—*when lack of fraudulent intent in answering examiner's questions shown.* Evidence *held* to support the finding that there was no connection between an injury for which an insurance applicant had been treated in a hospital prior to his application and the disease which caused his death, and that his answers to questions in the medical examiner's blank that he had not been treated in any institution prior to his application were without fraudulent intent, in an action to recover on a death benefit certificate.

5. INSURANCE, § 797*—*when defense of nonpayment of assessments in prescribed time waived.* Where the by-laws of a benefit insurance society provided that monthly assessments should be paid without notice on the first day of each month and that on failure to pay same before the first day of the succeeding month the member should stand suspended, but the secretary of the society accepted subsequent payments with knowledge of such failure, and thereafter the insured a few days before his death gave the money to make another payment on which he had defaulted and a present due payment to his sister, with instructions to make these payments, which her husband did at the next lodge meeting to the secretary after the death of the insured, of which both her husband and the secretary were then ignorant, *held* that the defense of nonpayment in time under the by-laws was waived.

6. INSURANCE, § 793*—*waiver of forfeitures.* Forfeitures or suspensions for failure to pay insurance assessments and dues promptly may be waived.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.